929 So.2d 1164 (2006)
D.E., Appellant,
v.
R.D.B., Mother, Appellee.
No. 5D05-2032.
District Court of Appeal of Florida, Fifth District.
June 2, 2006.
Michael E. Morris, Orlando, for Appellant.
Joan Jordan Wood of Joan Jordan Wood, P.A., Orlando, for Appellee.
LAWSON, J.
D.E., the former lesbian lover of R.D.B., appeals an order granting R.D.B.'s motion to dismiss her petition for dependency as to R.D.B.'s minor daughter, seven-year-old M.N.B. We affirm.
Appellant and R.D.B. resided together in a homosexual relationship from 1992 until sometime in 2003. R.D.B. conceived M.N.B. by artificial insemination during her involvement with Appellant. When the two broke off their relationship in 2003, Appellant sought visitation rights with respect to the child. Florida law, however, does not allow a non-parent to seek custody or visitation. See generally Wakeman v. Dixon, 921 So.2d 669 (Fla. 1st DCA 2006). Therefore, Appellant's civil action was dismissed.
Appellant then sought to force visitation by filing a dependency action. Her petition alleged that M.N.B. is dependent within the meaning and intent of chapter 39, Florida Statutes, in that Appellee abused and/or neglected the minor child by cutting off all contact between the child and Appellant, causing the child significant harm. Hearings were held on the matter during which Appellant presented the testimony of Dr. Deborah Day, a licensed psychologist. Dr. Day testified that there could be psychological damage inflicted on the child if her primary or secondary attachment figure was abruptly and inappropriately removed from her life. This potential psychological damage was the only alleged incidence of abuse, abandonment or neglect presented at the hearing. After considering the evidence and argument of counsel, the trial court found no legal basis to conclude that depriving M.N.B. of contact with Appellant, someone to whom the child has no legal connection, constitutes the level of abuse needed to support a finding of a dependency.
*1165 We agree with the trial court that a parent's decision to deprive a child of contact with someone who has no legal custody or visitation rights vis-à-vis the child is an inadequate ground upon which to base an adjudication of dependency. Cf. Clock v. Clock, 649 So.2d 312 (Fla. 3d DCA 1995) (holding the mere act of relocating or separating a child from familiar surroundings by an otherwise fit and proper custodial parent against the child's wishes does not constitute abuse under the statutory definition and therefore does not render the child dependent); Jones v. A.W., 519 So.2d 1141 (Fla. 2d DCA 1988) (holding testimony relating to children's expressed apprehensions over custody fight and charges parents were making against each other and concerning the atmosphere of turmoil created by a custody battle was insufficient to declare children dependent). Therefore, the petition for dependency was properly dismissed.
AFFIRMED.
SAWAYA and PALMER, JJ., concur.